**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jaime Lopez GONZALEZ,
Defendant-Appellant.**

**No. 16-10090**

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Michael E. Maffei, Anne M. Voigts, Assistant U.S. Attorney, J. Douglas Wilson, Assistant U.S. Attorney, DOJ-USAO, San Francisco, CA, for Plaintiff-Appellee

Daniel Blank, Assistant Federal Public Defender, FPDCA—Federal Public Defenders Office (San Francisco), San Francisco, CA, for Defendant-Appellant

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Jaime Lopez Gonzalez appeals from the district court's judgment and challenges the 24-month sentence imposed following his guilty-plea conviction for illegal reentry following removal, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez Gonzalez contends that the district court erred by enhancing his sentence on the basis that his prior conviction for willful infliction of corporal injury on a spouse or cohabitant under California Penal Code § 273.5 was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). He acknowledges that this claim is foreclosed by our holding in *United States v. Laurico–Yeno*, 590 F.3d 818, 823 (9th Cir. 2010). However, he argues that this holding has been undermined by *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). We disagree. *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *See Johnson*, 135 S.Ct. at 2557. *Johnson* did not address section 2L1.2's definition of "crime of violence," which does not have a residual clause. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2015). Accordingly, contrary to Lopez Gonzalez's contention, *Johnson* is not "clearly irreconcilable" with our circuit precedent. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.